IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-02332-MSK-PAC

BRIAN C. MACKES,

    Plaintiff,

v.

JOHN MOLATCH, (SGT. DEPUTY),

    Defendant.
_____

**ORDER ADOPTING RECOMMENDATION AND DISMISSING ACTION**
_____

**THIS MATTER** comes before the Court pursuant to the August 22, 2005 Report and Recommendation **(# 21)** of United States Magistrate Judge Patricia A. Coan that this case be dismissed with prejudice based on the Plaintiff's failure to comply with Magistrate Judge Coan's June 22, 2205 Order **(# 20)** directing the Plaintiff to make a monthly filing fee payment or show cause why he is unable to.

The Plaintiff *pro se*, an inmate with the Colorado Department of Corrections, commenced this action *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(2), the Plaintiff is required to make monthly payments towards the filing fee. In an Order dated June 22, 2005, Magistrate Judge Coan found that the Plaintiff had not made the required payments since March 23, 2005, and directed that he show cause for the failure to make the required payments. The Order advised the Plaintiff that failure to comply with the Order would result in dismissal of the action. Nevertheless, the Plaintiff did not file any response to the June 22, 2005 Order. On August 22,

2005, Magistrate Judge Coan issued a Recommendation that the case be dismissed with prejudice, based on the Plaintiff's failure to comply with the June 22, 2005 Order.

More than 10 days have passed since the issuance of the Recommendation and no party has filed objections.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  Where no party files objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate.  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991).  This Court has reviewed the recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

Upon *de novo* review, the Court agrees with Magistrate Judge Coan that the Plaintiff both failed to make the required payments after March 23, 2005, and failed to respond to the June 22, 2005 Order.  In determining the appropriate sanction to impose upon a party for failure to comply with the Court's Orders, the Court considers the *Ehrenhaus* factors.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992); *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir.1994).  Under *Ehrenhaus*, the Court considers: (I) the degree of actual prejudice to the other party; (ii) the degree of prejudice to the judicial process; (iii) the culpability of the litigant; (iii) whether the Court warned the party in advance of the consequences for non-compliance; and (iv) the efficacy of lesser sanctions.  965 F.2d at 921.

In weighing these factors, the Court is mindful that dismissal of an action is the ultimate sanction, and should be the punishment of last resort when no lesser sanctions would be effective. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994); *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993).  However, once the aggravating factors outweigh the judicial system's strong preference for resolving cases on their merits, dismissal

becomes an appropriate remedy. *Ehrenhaus*, 965 F.2d at 921. In addition, the Court is mindful of the Plaintiff's *pro se* status, and reads his pleadings liberally as a result. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, such liberality does not relieve the Plaintiff of the obligation to comply with the Court's rules and Orders. *Id.*

The Plaintiff's objectionable conduct is twofold: failure to make regular payments towards the filing fee, and failure to respond to Magistrate Judge Coan's June 22, 2005 Order. Neither failure directly prejudices the Defendant, but both types of conduct cause great harm to the judicial process. The refusal of an incarcerated person to make periodic payments towards the filing fee as required by 28 U.S.C. § 1915(b) undercuts the Court's ability to carry out Congress' statutory mandates in an efficient and uniform manner and deprives the Court of revenue. The refusal of a party to comply with an Order directing a response from the party threatens the ability of the Court to effectively and efficiently manage its caseload. The Court finds that the Plaintiff is entirely culpable for both failings, as he was adequately served with Judge Coan's Orders at his address of record. The Plaintiff has come forward with no explanation or justification for his failure to comply with the June 22, 2005 Order. The Court also finds that the June 22, 2005 Order advised the Plaintiff of the possibility of dismissal for failing to comply.

Finally, the Court turns to the question of whether a sanction short of dismissal is appropriate. The Court finds no alternative sanction will adequately remedy the prejudice to the judicial system. The Plaintiff has already been given a warning regarding his failure to remit payment and been given an opportunity to cure, and he has not done so. Further warnings are unlikely to be availing, particularly in light of the Plaintiff's silence in response to the Magistrate

Judge's Recommendation of dismissal. Monetary sanctions would clearly be ineffectual, given the Plaintiff's indigence, incarceration, and intransigence. A remedy limiting the Plaintiff's ability to present evidence would not bear any reasonable relationship to the nature of his objectionable conduct. Accordingly, the Court concludes that dismissal of the Complaint is the only reasonable sanction.

For the foregoing reasons, the Court **ADOPTS** the Recommendation **(# 21)**. The Amended Complaint **(# 8)** is **DISMISSED**, both for failure to remit periodic payments towards the filing fee as required by 28 U.S.C. § 1915(b) and for failure to comply with the Court's June 22, 2005 Order to Show Cause. The Clerk of the Court is directed to close this case.

Dated this 5th day of October, 2005.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge